# WILLIAM W. MUIR v. ANNIE B. GALLOWAY, ADMIN-ISTRATRIX OF THE ESTATE OF JOSEPH W. GALLOWAY, DECEASED, ET AL.

ACKNOWLEDGMENT OF DEED BY MARRIED WOMAN—CERTIFICATE OF ACKNOWL-EDGMENT—PRIVATE EXAMINATION OF MARRIED WOMAN AS TO EXECUTION OF INSTRUMENT.—A certificate of acknowledgment of a deed taken March 13, 1854, under the Act "Concerning Conveyances" approved April 6, 1850, was in the words and figures following: "State of California, City and County of San Francisco, ss: On this thirteenth day of March, A. D. 1854, before me, a notary public in and for said county, personally appeared Joseph Galloway and Jane T., his wife, to me severally known to be the persons described in, and who executed the within conveyance, and they severally acknowledged to me that they had executed the same freely and voluntarily, for uses and purposes therein mentioned; and the said Jane T., having been by me made acquainted with the contents of the said deed, on a private examination, separate and apart from her said husband, acknowledged to me that she had executed said deed freely and voluntarily, without any fear, compulsion or undue influence on the part of her said husband, and that she did not wish to retract the execution of the same. In witness whereof, I have hereto set my hand and official seal. Gilbert A. Grant, Notary Public." Section 23 of that Act required that the certificate of acknowledgment of a deed of a married woman should substantially show, "that she was made acquainted with the contents of such conveyance and acknowledged, on examination apart from and without the hearing of her husband, that she executed the same freely and voluntarily," etc. *Held:* The certificate of acknowledgment was sufficient in substance.

ID.—PRACTICE—EXTENSION OF TIME BY JUDGE FOR PREPARING STATEMENT ON MOTION FOR NEW TRIAL—SUNDAY.—October 20, 1880, the verdict was rendered. Notice of intention to move for a new trial was filed and served by defendants, October 29th. November 8th defendants obtained from the Judge of the Court below an order granting ten days from date in which to prepare and serve their proposed statement on motion for new trial. On November 18th another extension of ten days was granted by the Judge. November 28, 1880, was Sunday; November 27th the Judge made an order allowing defendants ten days further time from November 29th within which to prepare and serve their proposed statement. The proposed statement was on December 9, 1880, served on the plaintiff's attorney, without waiver by him as to time of service.

*Held:* 1. The orders of the Judge did not extend the time for preparing and serving the statement more than thirty days. 2. The last day of the period of extension fixed by one of the orders being Sunday, it is not to be computed as any portion of the time granted by the order but it is a supplementary day superadded by law. 3. The proposed statement was prepared and served in time.

Appeal by defendants from the judgment of the Superior Court of the City and County of San Francisco, and from an order denying a motion for a new trial. Sullivan, J.

Action in ejectment by plaintiff as tenant in common to be let into the possession with the defendants of a lot of land in the City and County of San Francisco. The following are the facts:

It was conceded that Joseph Galloway, on the twentieth of November, 1852, was seised in fee of the demanded premises. On that day he conveyed them to William M. Muir, who, on the twenty-second day of November, 1852, conveyed them to his mother, Jane T. Galloway. Mrs. Galloway died on the eleventh of April, 1865, leaving surviving Joseph Galloway, her husband; the plaintiff, William W. Muir, her son by a former husband, and Joseph W. Galloway, a son by her surviving husband. It was further conceded that upon the death of his mother, the plaintiff became entitled under the statute of descents and distributions of this State, to an undivided one third of the demanded premises, as tenant in common with Joseph Galloway, his step-father, and Joseph W. Galloway, his half-brother; that the plaintiff derives title under Jane T. Galloway, his mother, and his right to recover was made out on the trial, unless the title of Mrs. Galloway was divested by her own act in her life-time, in conveying it away or his right to recover has been lost by lapse of time.

The contention of the defendants was, that Jane T. Galloway did not die seised of the demanded premises, and on the trial to show that she had parted with her title; they offered in evidence a deed executed by herself and Joseph Galloway, her husband, conveying the premises to Mathew H. Furman, who afterwards, on the fourteenth day of March, 1854, conveyed the same to Joseph Galloway.

Joseph Galloway died on the twentieth day of July, 1877, and his son, Joseph W., entered into the possession of the demanded premises. This action was commenced against him in October, 1877, and pending it he died, and his widow, Annie B. Galloway, was appointed administratrix, and thereafter was regularly substituted as one of the defendants.

When the defendants offered to read in evidence the deed

of Galloway and wife, Jane T., to Furman the plaintiff objected on the ground that the certificate of acknowledgment was defective in that it did not show that the wife was examined without the hearing of her husband.   The certificate of acknowledgment is as follows:

"STATE OF CALIFORNIA,            } ss.
      CITY AND COUNTY OF SAN FRANCISCO. }

"On this thirteenth day of March, A. D. 1854, before me, a notary public in and for said County, personally appeared Joseph Galloway and Jane T., his wife, to me severally known to be the persons described in and who executed the within conveyance, and they severally acknowledged to me that they had executed the same freely and voluntarily, for uses and purposes therein mentioned; and the said Jane T., having been by me made acquainted with the contents of the said deed, on a private examination separate and apart from her said husband, acknowledged to me that she had executed said deed freely and voluntarily, without any fear, compulsion, or undue influence on the part of her husband, and that she did not wish to retract the execution of the same.

"In witness whereof I have hereunto set my hand and official seal.

"[Seal.]            GILBERT A. GRANT, Notary Public."

The Court below sustained the objection and excluded the deed, to which ruling the defendants excepted.   The case was tried before a jury; the verdict being rendered for the plaintiff on the twentieth day of October, 1880.   In due time thereafter, and upon the twenty-ninth day of October, 1880, the defendants filed with the clerk and served on the plaintiff's attorney a notice of their intention to move for a new trial of this action, designating therein the grounds upon which the motion would be made, and stating that the same would be made upon affidavits, and upon a statement of the case.

On November 8, 1880, the Judge extended the defendants' time to prepare and serve proposed statement on motion for a new trial ten days.   On November 18th the time to prepare and serve their proposed statement as aforesaid was extended by the Judge ten days.

November 28th was Sunday.   November 27, 1880, the

Judge made an order allowing defendants ten days further time from November 29, 1880, within which to prepare and serve their proposed statement as aforesaid.

On the ninth of December, 1880, the defendants prepared a draft of their statement to be used on the hearing of said motion for a new trial, and served said draft of statement on the plaintiff's attorney, who thereupon gave a receipt; but without waiver as to the time of service.

The statement was afterwards settled and allowed by the Judge of the Court below, the plaintiff's attorney insisting upon his objection as to the time of the service of the same. Defendants' motion for a new trial was then heard and denied. After the decision in department a petition for hearing in bank was presented and denied.

*James C. Cary,* for Appellants.

It was error in the Court to reject the deed offered. The words employed are of the same import and signification as the words omitted.

When the officer certified that the wife, "on a private examination, separate and apart from her husband," acknowledged the deed, he substantially certified that the examination was had "without the hearing of her husband," and the certificate is good, being in substantial conformity to the statute. This requirement of the law for a separate examination of the wife is not of modern invention.   We first meet with it in fines and recoveries.   " If there be," says Blackstone, (2 Shars. Black. p. 350) "any *feme covert* among the cognizors or parties levying, the fine, she is privately examined whether she does it willingly and freely, or by compulsion of her husband."   Or, as he expresses it in another place, where a married woman conveys by fine or like matter of record, "she must be secretly examined to learn if her act be voluntary." " The examination," says Lord Coke (2 Coke-Litt. Sec. 669), "of a *feme covert* ought to be secret, and the effect is · to examine her whether she be content to levie a fine of such lands of her owne voluntary will, and not by threats, menaces, or any compulsorie meanes."

" While the requirements of every law," said the Court in *Canal Co.* v. *Russell,* 68 Ill. 431, "must be substantially ob-

served, this in regard to acknowledgments of conveyances by *femes covert* has long been considered by the profession and the general public as inconvenient and absurd; and so disgusted with it had the public become that by an Act in force July 1, 1872, the people acting by their representatives in the General Assembly, annulled the obnoxious and cumbersome and unnecessary requirements of former statutes."

Although the form of the certificate is thus exactly prescribed in set phrase it has never been held necessary to adhere to the exact words of the form given. "I do not take a literal, strict adherence to the very words of the Act," said the Court in *Watson* v. *Bailey*, 2 Binney, 470, "to be essentially necessary in these cases, but the substantial requisites by which the rights of married women were intended to be guarded by the Legislature, should be pursued."

As to the sufficiency of the certificate he also cited: *Henderson* v. *Grewell*, 8 Cal. 581; *Webster* v. *Hall*, 2 Har. & McH. 19; S. C., 1 Am. Dec. 370; *Canal Dock Co.* v. *Russell*, 68 Ill. 436; *Gregory* v. *Ford*, 5 B. Monroe, 571; *Hollingsworth* v. *M'Donald*, 2 Har. & J. 230; S. C., 3 Am. Dec. 545; *Shaller* v. *Brand*, 6 Binney, 435; *Belcher* v. *Weaver*, 46 Texas, 298; *Goode* v. *Smith*, 13 Cal. 81; *Ingoldsby* v. *Juan*, 12 Cal. 565; Hittell Gen. Laws, § 665; *Deery* v. *Cray*, 5 Wall. 806; *Dundas* v. *Hitchcock*, 12 How. (U. S.) p. 269; *Troup* v. *Haight*, Hopkins' R. 272; *Dennis* v. *Tarpenny*, 20 Barb. 371; *Nippel* v. *Hammond*, 4 Colorado, 211; Webster's Dict., word "private"; *Wedel* v. *Hermann*, 8 P. C. L. J. 1128; C. C. P. § 125; 7 Cal. 273; 9 id. 591; 54 id. 482; *Jackson* v. *Gilchrist*, 15 John. 108.)

There is another consideration. The form of the certificate in debate here has been sanctioned by common usage from the passage of the Act concerning conveyances, in the year 1850, down to the year 1856, two years after the date of the certificate in question. The Court will take notice of this usage. (*McKeen* v. *Delancy*, 5 Cranch. pp. 22, 27, 28; *Troup* v. *Haight*, Hopk. 272.)

It amounts to a practical construction of the law and may be properly alluded to as resting upon matter of record and upon a practice of public notoriety. (See *Jackson* v. *Gumaer*, 2 Cow. 567; *McFerran* v. *Powers*, 1 Serg. & R. 105.)

The statement was filed in time. The Judge gave thirty

days and the law gave one by excluding Sunday the 28th. Section 1054, C. C. P., provides that the Judge may extend the time to file a statement on motion for a new trial, thirty days in addition to that allowed by law, and Section 12 of the same Code provides that the time in which an act is to be done, is computed by excluding the first day and including the last, unless the last day is a holiday and then it is also excluded.

It is claimed, however, that it is only when the last day of the thirty, which the Court or Judge may grant, falls on a Sunday, that it is excluded, that if it falls on any intervening Sunday of the thirty days, say the last day of an order extending the time less than thirty days, it must be included in computing the thirty days. This contruction of Sections 12 and 1054 C. C. P., is altogether too narrow and technical.

If the Judge under Section 1054 may grant thirty days as an entirety, he may of course grant any number of days less than thirty. The real point then is as to the construction of an order granting ten days where the last day for performance falls on Sunday. Under the order dated the 18th, the defendants had all of Monday, the 29th, to file the statement, thus excluding Sunday the 28th and the tenth day, from the count, as no day for any legal purpose. "Sunday," said Gould, J,. in *Avery* v. *Stewart*, 2 Conn. 69, "can not for the performance of a contract or the exercise of a legal right be regarded as a day in law, and for that purpose should be considered as stricken from the calender." It occupies no space of time in law.

If excluded in computing the ten days allowed by the judge, as it certainly must be, why should it be included in the count of the thirty days which the judge is authorized to grant. If excluded in construing the order of the judge, why should it be included in counting the thirty, and thus make null the order of extension? If disregarded as a legal day for one purpose why not for all? If excluded in counting the ten days extension, clearly it should be excluded in computing the thirty days which the judge was authorized to grant.

The law, not the judge, gave this extra day by excluding it from the computation of the ten days allowed by the order. If the law then excluded Sunday the 28th as no day, as if

"stricken from the calendar," the judge had the right under Section 1054, C. C. P., to grant ten days exclusive of it from Monday the 29th to file the statement. The judge in fact granted no more than thirty days, that is he gave three extensions of ten days each; the law allowed one day and the statement was filed within the thirty days, Sunday the 29th being excluded from the reckoning.

Section 659, Subd. 3 of C. C. P., provides that a party desiring to move for a new trial must within ten days after service of the notice, "or such further time as the Court or Judge may allow, prepare a draft of the statement and serve the same or a copy thereof upon the adverse party."

Section 1054 C. C. P., provides that "when an act to be done as provided in this Code relates to * * * the preparation of statements, * * * or to the service of notices, other than of appeal, the time allowed by this Code may be extended, upon good cause shown, by the Court or Judge, * * * but such extension shall not exceed thirty days, without the consent of the adverse party." The extension, altogether, can not exceed thirty days under this Section. (*Bryan* v. *Maume*, 28 Cal. 238.)

Section, 12 C. C. P. provides: "The time in which any act provided by law is to be done is computed by excluding the first day and including the last; unless the last day is a holiday, and then it is also excluded." The Judge can not, under section 1054, make any order which would operate to extend the time more than thirty days in the aggregate. Otherwise, he could, by orders, increase the time to thirty-five days, in the following manner: Suppose that on the eighth day of November, 1880, the judge had extended the time six days, which would expire on Sunday, the 14th; and on the next day, Monday, the 15th, by another order he extends the time six days, which would expire on Sunday, the 21st; on Monday, the 22d, by still another order the judge again extends the time six days, which would expire on Sunday, the 28th; and on Monday, the 29th, by a further order, he extends the time six days, which would expire on Sunday, the fifth day of December; and on Monday, the sixth day of December, he grants another extension of six days, which would, if every Sunday of the interim is to be considered a last

day, subvert the obvious intention of the statute, by increasing the limit of extension from thirty to thirty-five days, and an attorney could in any case secure thirty-five instead of thirty. There can not be five last days in the thirty days extension contemplated by Section 1054, in the sense in which "last day" is used in Section 12, C. C. P.

As to the insufficiency of the certificate of acknowledgment. In *McLeran* v. *Benton*, 43 Cal. 472, referring to the acknowledgment of Foley and wife to Brannan and others, ruled upon in *Ewald* v. *Corbett*, 32 Cal. 493, the Court says: "It is not certified therein that she was examined by the Notary without the hearing of her husband, nor that she was made acquainted by the Notary with the contents of the instrument. In each of these respects the acknowledgment is radically defective. The decision in *Ewald* v. *Corbett*, is fully sustained by numerous decisions of this Court and we are satisfied beyond a doubt of its correctness. We expressly affirm that case on this point because the Judge of the District Court after having excluded the deed when offered in evidence stated when he came to the decision of the cause that he excluded from consideration both the agreement and the deed, though he was of the opinion that the decision of that point in *Ewald* v. *Corbett*, was incorrect."

Were it proper to go outside of the settled law of this Court, a careful examination of the different cases in other States cited by appellants will clearly show that the instances, in which some words were held to be of the same import and signification with those omitted in the certificates therein referred to, are entirely different from the certificate under discussion. And notably in the case of *Deery* v. *Cray*.

The Court in effect there holds that privately examined, separate and apart, are equivalent in that case to "out of the presence," but were not equivalent to "out of the hearing of." See also *Leonis* v. *Lazzarovich*, 55 Cal. 52; *Barrett* v. *Tewksbury*, 9 id. 14.

*L. E. Bulkley*, for Respondent.

The COURT:

1. The *orders* of the Judge did not extend the time for pre-

paring and serving statement "more than thirty days." (C. C. P. 1,054.) The last day of the period of extension fixed by one of the orders being Sunday, it should be "excluded." (C. C. P. 12.) That is to say, it is not to be computed as any portion of the time granted by the order, but is a supplementary day superadded by law.

2. The acknowledgment by Mrs. Jane T. Galloway of the execution of her deed of March 13, 1854, is in words and figures following:

"STATE OF CALIFORNIA,            ⎱
City and County of San Francisco. ⎰ ss.

"On this thirteenth day of March, A. D. 1854, before me, a Notary Public in and for said county, personally appeared Joseph Galloway and Jane T. his wife, to me severally known to be, the persons described in, and who executed the within conveyance, and they severally acknowledged to me that they had executed the same freely and voluntarily, for uses and purposes therein mentioned; and the said Jane T., having been by me made acquainted with the contents of the said deed, on a private examination, separate and apart from her said husband, acknowledged to me that she had executed said deed freely and voluntarily, without any fear, compulsion or undue influence on the part of her said husband, and that she did not wish to retract the execution of the same.

"In witness whereof I have hereto set my hand and official seal.

"[Seal].                              GILBERT A. GRANT,
                                      "Notary Public."

When the acknowledgment was taken the Act "concerning conveyances," of April 6, 1850, was in force. (Stats. 1850, 249.) The 23d section of that Act reads as follows:

"The certificate shall be in the form heretofore given, and shall set forth that such married woman was personally known to the officer granting the same, to be the person whose name is subscribed to such conveyance as a party thereto, or was proved to be such by a credible witness, whose name shall be inserted in the certificate, and that she was made acquainted with the contents of such conveyance, and acknowledged, on examination apart from and without the hearing of her hus-

band, that she executed the same freely and voluntarily, without fear or compulsion, or undue influence of her husband, and that she does not wish to retract the execution of the same. Every certificate which *substantially conforms* to the requirements of this Act shall be valid."

The only departure from the form prescribed by the statute in the acknowledgment, necessary to be considered, consists in the substitution of the words "on a private examination separate and apart from her husband," for " on an examination apart from and *without the hearing* of her husband."

The "examination" mentioned in the statute and acknowledgment means an inquiry in response to which the married woman shall declare that she has executed the deed "freely and voluntarily," etc. Such an examination to be "private" must necessarily be "without the hearing of her husband." But all doubts are removed by the certificate of the officer. The private examination was "separate and apart from her husband." It seems to us that it would be to give a strained and unnatural signification to the words employed to say that a private examination separate and apart from the husband might have been within his hearing.

The Court below erred in sustaining the objections to the deed.

Judgment and order reversed, and cause remanded for a new trial.