W. T. SPRUILL AND WIFE v. M. T. ARRINGTON et al.

*Landlord and Tenant— Vendor and Vendee—Lien—Costs.*

A contracted to purchase land from C, but did not pay the entire purchase-money; C instituted an action and recovered judgment, under which the land was sold for the satisfaction of the balance due, when the plaintiff became the purchaser and entered, and thereupon A rented from her for the remainder of the current year. Prior to the sale, A had executed an agricultural lien to the defendant, who had notice of the action to foreclose for advances made and to be made for the year: *Held*, (1) that, by virtue of the agreement to lease, the relation of A was changed from that of vendee to that of tenant of the plaintiff, and the lien of the landlord took precedence of that of defendant for advances, notwithstanding the priority of the latter in time; (2) where a party is allowed to come in and defend an action, and the plaintiff recovers judgment, he is entitled to costs against all the defendants.

CIVIL ACTION, tried before *Whitaker, J.,* at the Spring Term, 1891, of the Superior Court of NASH County.

*Mr. F. A. Woodard,* for plaintiff.

*Messrs. Batchelor & Devereux* (by brief) and *R. H. Battle,* for defendants.

DAVIS, J.: In September, 1880, the defendant, M. T. Arrington, contracted to purchase of C. M. Cooke the land on which the cotton, which is the subject of this controversy, was produced. All the purchase-money was not paid, and on the 28th day of April, 1889, the said land was sold under a judgment and decree of foreclosure in an action properly instituted for that purpose to pay the purchase-money therefor, and the *feme* plaintiff became the purchaser, and the next day rented the same to the defendant M. T. Arrington, who had previously been in possession under the contract of purchase from C. M. Cooke. It was in evidence, and not controverted, that the day after the plaintiff purchased the land, her husband went on it; it was unoccupied and no cotton had been planted.

It is admitted that the defendant Arrington rented the land from the *feme* plaintiff for the balance of the year, after the 30th of April, 1889, and was to pay $120 rent. On the 28th day of January, 1889, the defendant Arrington executed an agricultural lien upon the crop to be raised on said land in the year 1889 to the defendants Boddie, Ward & Co., to secure advances, etc., and that they furnished the said Arrington supplies, etc., for agricultural purposes, amounting to $292.13 up to the 18th day of April, 1889, and after that to the 16th of October, 1889, to the amount of $202.13.

There is much irrelevant matter sent up with the transcript, but the material question presented for our determination is whether the plaintiff landlord, who purchased the land on the 28th day of April, 1889, and rented it to the defendant Arrington for the balance of the year, was entitled to a preferred lien on the crop produced this year to secure the rent; or are the defendants Boddie, Ward & Co., entitled

to the crop under the lien executed to them by M. T. Arring-
ton on the 28th of January, prior to the purchase by the
plaintiff?

*The Code*, § 1754, not only gives to the landlord or lessor a
lien on all crops raised on the land rented, which shall "be
preferred to all other liens, but the crop is vested in *possession*
of the lessor" until the rents are paid and all stipulations
contained in the lease or agreement are complied with,
whether the land be rented by written or oral agreement,
and it is provided in § 1800 that the lien in favor of those
making advances on crops "shall not affect the rights of the
landlords to their proper share of rents."

The lien in aid of advances is in preference to all other
liens, except that of the landlord for rents.   *Wooten* v. *Hill*,
98 N. C., 48, and cases cited and relied on by counsel for
defendant.

The relation between the plaintiff and defendant M. T.
Arrington was that of landlord and tenant, and not that of
vendor and vendee.   But it is insisted by counsel for defend-
ants that when the lien was executed in January, 1889,
Arrington was the vendee of C. M. Cooke and entitled to all
the crops made upon the land as vendee in possession and
not a lessee, and if the lien upon the crop to be made was a
preferred lien to them, it could not be defeated by any
arrangement between the plaintiff who succeeded to the
rights of the vendor and the said Arrington, in respect to
his paying rent to which Boddie, Ward & Co, were in no
way parties.   How it might be between a mortgagor and
mortgagee, or between a vendor and vendee, when there was
no change in the possession, we need not consider, but the
purchaser of the land, whether under a foreclosure or from
the vendor or mortgagee, who takes possession and rents the
land whether to the vendee or mortgagor, or to any other
person, occupies the position and is entitled to the rights of
a landlord, and that is the case before us.   The counsel for

the defendants says: "Unless possession has been taken of the premises, or a receiver has been appointed, the mortgagor is the owner as to all the world, and is entitled to all the profits made." And for this he cites *Killebrew* v. *Hines*, 104 N. C, 182. This is true, but there is a marked difference between the case before us and that of *Killebrew* v. *Hines*. In that case the cotton was made by the vendees in possession, and it was not until after it was severed and baled that the vendor asserted his claim to it, and it was properly held "that if there be no entry or equitable proceeding by which the crops are sequestered, the mortgagee (vendor) has no lien upon and cannot recover them in an action in the nature of replevin." In the case before us the purchaser, at the sale for the foreclosure, took possession of the land as she had the undoubted right to do, before the cotton was planted, and rented it to Arrington. Suppose, instead of renting it to him, she had cultivated it herself or rented it to some one else, as she had the right to do, what would have become of the claim of Boddie, Ward & Co., under their lien ? Noting the distinction between the cases, we refer to the able discussion of the questions in *Killebrew* v. *Hines*, and the cases there cited, as settling the claim of priority in favor of the plaintiff.

But it is said that the plaintiff had no interest in the land prior to her purchase in April, and Boddie, Ward & Co. had then made considerable advances under their agricultural lien. They had notice of the decree of foreclosure, and the crop was not planted when the plaintiff purchased, nor does it appear that the advances were used in preparing the land for the crop, and even if it did they could not claim an apportionment of the crop under §§ 1748 and 1749 of *The Code*, for Arrington would have been entitled to no such apportionment.

The lien executed by Arrington gave them no title to what did not belong to him.

There was some discussion upon the question of the sufficiency of the description of the property in the lien of January 28th, 1889, to which the plaintiff objected, but he did not appeal, and that question is not before us, and is immaterial, if it were.

We can see no force in the defendant's objection to the form in which the issues were submitted. They presented clearly and fairly the questions raised by the pleadings.

The only remaining objection is to the judgment, because it taxes the costs against the defendant, whereas Boddie, Ward & Co. ought to have been charged with the costs that accrued after they intervened.

The defendants Boddie, Ward & Co., intervened and filed a joint answer with their co-defendant M. T. Arrington, and they made a joint defence, and the judgment is for the plaintiff against all the defendants for the recovery and for costs. The plaintiff is entitled to the costs. *The Code,* § 525 (2). Having joined in the controversy, and made common cause in the defence, the intervenors must abide the result.

No error.