[No. 14141. Department Two.— September 5, 1893.]

# J. W. REAY, RESPONDENT, *v.* JOHN BUTLER ET AL., DEFENDANTS. MABEL TREADWELL, EXECUTRIX, ETC., APPELLANT.

APPEAL—REVERSAL OF JUDGMENT OF INTERVENTION—COSTS CLAIMED BY APPELLANT—COSTS OF TRIAL—RETAXATION—MOTION BY EXECUTRIX.—Where as the result of an appeal by a plaintiff from a judgment in favor of an intervenor, the judgment is reversed with directions to strike out the intervention, and proceed to a trial by jury, if not waived, of the issues raised by the complaint and answer, and pending the appeal, the executrix of the deceased intervenor was substituted in his stead, the plaintiff upon the filing of the *remittitur* is entitled to file his memorandum of costs, including those incurred on the trial of the intervention and answer thereto, together with his costs of the appeal from the judgment, and such costs cannot be retaxed by striking out the costs of the trial on motion of the executrix of the decedent's estate.

ID.—TAXATION OF COSTS AGAINST EXECUTOR—CONSTRUCTION OF CODE.—Section 1031 of the Code of Civil Procedure does not forbid the taxation of a memorandum of costs against an executor in an action prosecuted or defended by him, but merely provides that such costs must by the judgment be made chargeable only upon the estate, unless the court directs the same to be paid by the executor; and the taxation of a memorandum of costs against an executor is not erroneous merely because it does not appear whether the costs are made chargeable only upon the estate by the judgment of the court.

ID.—APPEAL FROM ORDER REFUSING TO RETAX COSTS—JUDGMENT NOT INVOLVED—PRESUMPTION—REMEDY OF EXECUTOR.—The taxation of a memorandum of costs against an executor does not prevent the court from directing in the judgment for costs, that the same be chargeable upon the estate, and the mere refusal of the court to strike out the memorandum of costs or to retax them does not determine the form of the judgment; and upon an appeal from the order refusing to strike out, or retax the memorandum of costs, where there is no judgment before the appellate court, it will not presume that the trial court has not by its judgment made the costs chargeable upon the estate. If, in fact, it has not, the remedy of the executor is by an appeal from the judgment.

EXTENSION OF TIME—CONSTRUCTION OF CODE—TIME EXPIRING ON SUNDAY—POWER OF COURT—CASE DOUBTED.—The case of *Muir* v. *Galloway*, 61 Cal. 498, in so far as it holds that the superior court may by the entry of two or more orders (the first or any order or orders preceding the last expiring on Sunday) extend the period of time within which any of the acts mentioned in section 1054 of the Code of Civil Procedure may be performed for a longer period than authorized by that section if only one order of extension is made —doubted, and the question declared to be an open one.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to strike out or retax a memorandum of costs.

The facts are stated in the opinion of the court.

*W. S. Goodfellow,* for Appellant.

*John B. Mhoon,* and *W. W. Foote,* for Respondent.

The COURT.—Appeal from an order of the superior court, by Mabel Treadwell, executrix of the will of J. P. Treadwell, deceased, denying appellant's motion to strike out (or, in the alternative, to retax) a cost bill filed by plaintiff.

In 1866 the plaintiff, Reay, commenced an action of ejectment against Butler and Owens to recover the possession of a tract of "outside lands" known as "Speck ranch." J. P. Treadwell, appellant's testator, filed an intervention in said action, alleging, in substance, that he was the owner and in possession of said ranch; that the defendants, Owens and Butler, were his servants and employees merely; that they were in collusion with the plaintiff and that the action was commenced and was being prosecuted for the fraudulent purpose of tricking him out of the possession of his property upon legal process. Whereupon he prayed that the plaintiff be enjoined from prosecuting said action and that the intervenor's title be quieted, etc. The plaintiff, Reay, answered the intervenor's complaint denying all the material allegations thereof. The court ruled that the issues raised by the intervention and answer should be first tried, and a trial of said issues was had by the court, without a jury, which resulted in findings and a judgment in favor of said intervenor. From that judgment the plaintiff appealed to this court. Here the judgment was reversed and the cause remanded with directions to strike out the intervention so that a trial might be had by a jury, if not waived, of the issues raised by the complaint and answer. The representative of the intervenor, who died after the action was commenced, was allowed to defend in the name of the defendants. The intervenor died in 1884, after the appeal from the judgment in his favor had been taken and perfected, and while it was pending in this court. Appellant was substituted as respondent here in place of said deceased.

The *remittitur* was filed in the superior court on September 27, 1886, and two days thereafter plaintiff Reay filed his memorandum of costs, including those incurred on the trial of the issues raised by said intervention and answer, together with the costs of his appeal from the judgment rendered therein. It was that bill of costs that appellant moved to strike out or have retaxed, and this appeal is from the order denying her said motion.

If the original intervenor were alive we think it quite clear that he would be liable for the costs of the trial of the issues raised by his intervention and answer. If this court, in reversing the judgment, had ordered a new trial of those issues, the costs of the first trial would be taxable against the party against whom judgment was rendered on the new trial. (*Ex parte Burrill*, 24 Cal. 350.) But in the case at bar no new trial was ordered, and none could be had of the issues between the intervenor and the plaintiff. The judgment dismissing the intervention which this court directed the superior court to enter against the intervenor was to be a final judgment which completely disposed of his intervention, and the prevailing party was entitled to have his costs taxed. Appellant, however, contends that the costs should not have been taxed against her, because she was not in the case until it was in this court on appeal, and that she was substituted for the deceased respondent as his executrix, and cites section 1031 of the Code of Civil Procedure in support of that contention. That section reads as follows: "In an action prosecuted or defended by an executor, administrator, trustee of express trust, or a person expressly authorized by statute, costs may be recovered as in action by and against a person prosecuting or defending in his own right; but such costs must, by the judgment, be made chargeable only upon the estate, fund, or party represented, unless the court directs the same to be paid by the plaintiff or defendant, personally, for mismanagement or bad faith in the action or defense." While the respondent contends that under section 1509 of the Code of Civil Procedure, the appellant is individually liable for the costs of the action in the first instance, but that she may be allowed the same in her account as executrix, unless it appears that the suit in which the costs were taxed was defended without just cause, and that this is a matter for the exclusive determination of the probate court settling such account.

In the view we take of this case it is unnecessary to determine whether the judgment should have been in the form prescribed by section 1031 above cited, or under section 1509 of the Code of Civil Procedure. Section 1031 of the Code of Civil Procedure, as we construe it, does not forbid the taxation

of a memorandum of costs against an executor in an action prosecuted or defended by him, but provides that such costs must by the judgment be made chargeable only upon the estate, unless the court for a certain specified reason directs the same to be paid by such executor. There is no judgment of the court before us, and we do not know that the court has not by its judgment made the costs chargeable upon the estate of appellant's testator. The taxation of the memorandum of costs would not prevent the court from directing in the judgment for costs that the same be chargeable upon the estate of appellant's testator. The refusal to strike out the memorandum of costs or to retax them does not determine the form of the judgment, or that it will not be or was not in exact accordance with the contention of appellant upon this point. If, in fact, it was not, and appellant felt aggrieved thereby, her remedy was an appeal from the judgment.

The views we have reached upon the merits make it unnecessary to again consider the motion of respondent to dismiss the appeal. It is a matter of very grave doubt whether the case of *Muir* v. *Galloway*, 61 Cal. 498, was correctly decided, in so far as it holds that the superior court may by the entry of two or more orders (the first or any order or orders preceding the last expiring on Sunday) extend the period of time within which any of the acts mentioned in section 1054 of the Code of Civil Procedure may be performed for a longer period than authorized by that section if only one order of extension is made. We do not, however, undertake at this time to definitely pass upon this, and the question may be regarded as an open one.

No sufficient ground appearing for the reversal of the order appealed from, it must be affirmed.

Hearing in Bank denied.