## GEORGE A. McKINLEY v. NATIONAL CITIZENS BANK OF MANKATO.[1]

October 30, 1914.

Nos. 18,242—(49).

**Costs against intervener.**

1. Where an intervener claiming a lien on property for negligent loss of which the action is brought, reiterates the allegations of the complaint in the action and becomes practically a coplaintiff, he is liable, under G. S. 1913, § 7766, jointly with plaintiff for costs, upon the setting aside of separate verdicts in their favor, including the expense of a transcript and two copies of the testimony.

**Taxation of costs.**

2. The trial court's determination, made on conflicting affidavits, as to the number of folios charged for, cannot be disturbed.

From an order of the clerk of the district court for Crow Wing county taxing costs and disbursements in favor of the defendant and

[1] Reported in 149 N. W. 295.

against the National Citizens Bank of Mankato, as intervener, the intervener appealed to the district court. The taxation was sustained, Stanton, J. From the judgment for $574.06, entered pursuant to the order for judgment, the National Citizens Bank of Mankato appealed. Affirmed.

*C. E. Phillips* and *Lorin Cray,* for appellant.

*A. D. Polk,* for respondent.

PHILIP E. BROWN, J.

Plaintiff brought an action to recover damages for defendant's negligent loss of logs, etc., and for conversion of certain equipment. Appellant intervened, claiming a lien on the logs, etc., and, reiterating the charge of defendant's negligence, but making no claim as to the equipment, demanded judgment against defendant, to the exclusion of plaintiff, for $8,000. Separate verdicts were returned in favor of plaintiff and intervener for over two and six thousand dollars respectively. Thereafter the court set the verdicts aside and granted defendant a new trial. Subsequently the action was dismissed on plaintiff's motion, and thereupon, over intervener's objection, costs were taxed and allowed against it and plaintiff jointly, which was later affirmed on intervener's appeal and judgment entered against it and plaintiff jointly therefor; whereupon intervener appealed to this court.

The errors assigned relate only to the right of defendant to costs against intervener; the latter asserting that no costs resulted from the intervention, and hence, under G. S. 1913, § 7766, it was liable for none. This contention is predicated, so far as the facts are concerned, upon those already stated and also the following, disclosed by the record: Intervener was permitted to file its complaint on the preliminary call of the calendar of the term at which the cause was tried, and defendant's answer was allowed to stand as the answer thereto, no other pleadings being made. A large number of witnesses were examined by plaintiff and defendant, but none were sworn, examined or cross-examined by or on behalf of intervener, except that, by cross-examination of plaintiff, it established its lien and right to recover to the extent thereof if plaintiff prevailed, whereupon it

was stipulated between them that this should be effected by separate verdicts. Intervener took no further part in the trial except to counsel with plaintiff's attorney. The court charged that a verdict could be rendered for intervener only in case the jury found that plaintiff was entitled to recover against defendant. The claim is also made that all witnesses were called simply to support or controvert the allegations of the complaint.

The statute cited reads that in case of intervention "all the issues shall be determined together, and if the intervener's claim be not sustained he shall pay the costs resulting therefrom." Recoveries for costs and disbursements being purely statutory, the questions involved turn upon the interpretation to be given this provision, which, however, must be read in the light of the purpose intended to be subserved by the allowance of costs generally, namely, compensation or indemnity for expenses incurred in enforcing a legal or resisting an illegal claim. Johnson v. Chicago, M. & St. P. Ry. Co. 29 Minn. 425, 430, 13 N. W. 673. While, therefore, the statute plainly declares that a defeated intervener shall pay only such costs as result by reason of the intervention, it does not follow that intervener's claim of nonliability in the present case can be sustained. It voluntarily became a party to the action, asserted the same cause of action, and had equal right with plaintiff to be heard in respect thereto. Bennett v. Whitcomb, 25 Minn. 148, 150. It was entitled to any appropriate relief under the issues presented determinable in its favor, and, speaking generally, had all the rights of a party to an action. Note, 123 Am. St. 312, etc; 30 Cyc. 139. Granting that the witnesses called by defendant merely testified upon the issues raised by the complaint in the action, yet the evidence thus adduced was equally material to the issue made by intervener's reiteration of the allegations thereof, and defendant necessarily had to contend on the trial against the claims of both plaintiff and intervener. The extent of the latter's participation in the trial is of slight consequence, and cannot be considered a determinative factor. We hold that intervener, having become practically a co-plaintiff, so that defendant was required to defend against both it and plaintiff in order to escape liability to either, there is joint liability for costs.

The statute should not be construed so as to allow intervener to attempt to benefit by the litigation without incurring the ordinary liabilities incident thereto. See Reay v. Butler, 99 Cal. 477, 33 Pac. 1134; Spruill v. Arrington, 109 N. C. 192, 13 S. E. 779; note, 16 Am. Dec. 184.

After verdicts, defendant obtained a transcript and two copies of the testimony in order to move for a new trial, the expense whereof was included in the cost bill over special objection. These were legitimate expenditures in accord with common practice. The necessity of attacking two verdicts instead of one resulted from the nature of the intervention. Nor can we disturb the court's determination, made on conflicting affidavits, as to the number of folios charged for. Other items in the bill were not specially objected to.

Judgment affirmed.