CITIZENS NATIONAL BANK, APPELLANT, V. ISAAC D. GREGG, APPELLEE.

FILED FEBRUARY 17, 1898. No. 7748.

1. **Costs: TAXATION: REVIEW.** Where costs have been illegally taxed, the appropriate remedy is by a motion to retax made to the court where the alleged mistake occurred.

2. ———: **FEE BILL: INJUNCTION.** A court of equity will not enjoin the collection of a fee bill where all the legal costs therein taxed have not been paid or tendered.

APPEAL from the district court of Howard county. Heard below before THOMPSON, J. *Affirmed.*

*T. T. Bell,* for appellant.

*Paul & Templin, contra.*

NORVAL, J.

This is an appeal from a decree refusing to enjoin the collection of a fee bill issued out of the district court of Howard county, in a replevin suit determined therein in which the Citizens National Bank was plaintiff and one William W. Kendall, sheriff, was defendant. The writ of replevin was executed by Noah Baxter, the county coroner, who returned the process into court with an itemized statement of his fees, amounting to $15.50. The replevin suit was decided against the plaintiff, and judgment was rendered against it for all costs. The fee bill was issued under section 3, chapter 28, Compiled Statutes, for the said sum claimed to be due the coroner, with seventy-five cents additional for issuing the fee bill. The contention of plaintiff is that the costs have never been taxed in the replevin suit, and furthermore that the total amount of costs was not inserted in the judgment at the time it was journalized. The record shows the rendition of a judgment against the plaintiff for the costs of suit; that the costs, including the amount due the

coroner, had been taxed by the clerk of the district court and itemized upon the fee book prior to the issuance of the fee bill. This was sufficient. If a mistake was made in the taxation of the costs by the clerk, the appropriate remedy for correcting the error was by motion to retax. (*Woods v. Colfax County*, 10 Neb. 552; *Cozine v. Hatch*, 17 Neb. 694; *Whitall v. Cressman*, 18 Neb. 508; *Wilkinson v. Carter*, 22 Neb. 186; *Hoagland v. Van Etten*, 31 Neb. 293.) In no event could plaintiff enjoin the enforcement of the fee bill until it had first paid, or tendered, all the legal costs chargeable against it. Unquestionably the sum of $3.75 was due from plaintiff as legal costs, of which amount $3 belonged to the coroner for serving the writ, and the remainder to the clerk for issuing the fee bill. Plaintiff paid all except seventy-five cents of said sum after the fee bill was in the hands of the coroner, but the bank could not invoke the aid of a court of equity, at least until it had paid all costs legally taxed against the bank. The decree is right and is

AFFIRMED.

