KATE L. SMITH, ADMINISTRATRIX, APPELLANT, V. ARTHUR M. BARTLETT ET AL., APPELLEES.

FILED FEBRUARY 8, 1907. No. 14,790.

1. Costs, Retaxing After Term. While the award of costs made in a judgment cannot be changed after the term, except for some cause provided by statute for modifying a judgment after the term at which it was entered, this rule does not apply to an application made by a party to retax items of the costs illegally or through mistake taxed against him.

2. ———: MILEAGE. Witnesses in a civil action are not, under our statute, required to attend for examination except in the county of their residence, and the rule should obtain generally that traveling fees should be taxed in their favor for the distance only that a subpœna compels their attendance.

APPEAL from the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Allen G. Fisher,* for appellant.

*A. W. Crites, contra.*

DUFFIE, C.

This is an appeal from an order of the district court for Sheridan county retaxing costs and granting an offset of costs adjudged against the appellant on a former appeal of this case to this court. On the first trial of the case the appellant recovered in the district court. Upon appeal to this court the judgment was reversed, with costs amounting to $92.50, which is the item offset against the costs in favor of the appellant. A second trial in the district court resulted in favor of the appellant, and on

error this judgment was affirmed. The costs, aggregating
$653.41, were taxed against the appellees, whereupon they
filed a motion to retax the costs by striking out certain
items, which, coming on to be heard, was in a large part
sustained by the district court, and an offset of the costs
adjudged against the appellant in the first error proceed-
ing was allowed. The present appeal is from that order.

The appellant insists that the court had no jurisdiction
to entertain the motion to retax costs, for the reason that
it was filed after the final adjournment of the term at
which the judgment was given. We have no hesitation in
saying that this position is not well taken. An award of
costs to the successful party is as much a part of the
judgment entered as the damages allowed, and the court
cannot, after the term, change this award except for some
statutory cause allowing the court to set aside or modify
its judgments at a subsequent term. *Meade P., H. & L. Co.
v. Irwin,* 77 Neb. 385. This rule does not apply to a
motion made by either party to have the costs retaxed and
to have mistakes in taxing the same corrected or costs
illegally charged up against a party eliminated. If the
lerk erroneously or illegally taxes up any item of costs
n favor of a party, the other party may, by motion made
at any time, call the attention of the court to such items
and insist that only proper and legal costs be assessed
against him. The court, by making such an order, does
not change the judgment awarding costs, but uses its
power to see that the award of costs is not improperly or
illegally taxed. As said in the case above cited: "Any
mistake made by the clerk in taxing fees in favor of or
against a party may be corrected by the court on motion
at any time."

The jurisdiction of the court to act in this case is
undoubted, and the only question to be considered is:
Did the court err in the exercise of that jurisdiction?
In some instances, as appears from the record, witness
fees were duplicated, and in others fees were taxed in
favor of witnesses who were neither summoned nor testi-

fied in the case.   In the case of three or four witnesses mileage was taxed in their favor from Missouri Valley, Iowa, to the place of trial, approximating $44.40 each. One witness in whose favor mileage was taxed was an attorney in the case, and, as we read the record, one or more of the parties to the action were allowed witness fees.   Section 354 of the code is as follows:   "A witness shall not be obliged to attend for examination on the trial of a civil action, except in the county of his residence, nor to attend to give his deposition out of the county where he resides, or where he may be when the subpoena is served upon him."   As a general rule mileage for witnesses should be taxed for the distance only that a subpoena will run and become effective.   We believe that the practice has almost universally obtained, where a witness attends without being subpoenaed, or where, being in attendance, he is called to give evidence in a case, to allow him for one day's attendance and the statutory traveling fees for one mile.   The cases are exceptional where the deposition of a witness living beyond the reach of a subpoena will not answer every purpose in a civil action, and the rule should ordinarily be to tax the losing party with mileage for witnesses for the distance only that such witnesses must, under our statute, obey the subpoena served on them.

No complaint is made in appellant's brief of the action of the court in offsetting the item of $92.50 taxed against the appellant on the former appeal in this court.   The record does not disclose any reversible error on the part of the district court in retaxing the costs, and for that reason we recommend an affirmance of the order appealed from.

By the Court: For the reasons stated in the foregoing opinion, the order appealed from is

                                              AFFIRMED.