EDNA M. BARKLEY ET AL., APPELLEES, V. CHARLES W. POOL, SECRETARY OF STATE, APPELLEE: L. D. RICHARDS ET AL., APPELLANTS.

FILED NOVEMBER 10, 1920.   No. 21370.

1. Costs, Taxation of. In the taxation of costs the clerk of the district court acts ministerially.

2. ———. Where a judgment for costs was rendered against defendants, but the items of costs were not taxed by the clerk before the final adjournment of the term of court at which the judgment was rendered, he may tax the costs afterwards within a reasonable time, and before the payment of the judgment.

3. ———: TAXATION AT SUBSEQUENT TERM. In such case, a motion for an order to the clerk to tax costs does not require the opening or modification of the judgment, and the court has jurisdiction to act upon the motion at a subsequent term of court from that at which the judgment was rendered.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. Affirmed.

Fawcett & Mockett, John L. Webster, L. F. Crofoot and Byron G. Burbank, for appellants.

T. J. Doyle, F. A. Brogan and C. A. Sorensen, contra.

LETTON, J.

The controversy in this case is over the taxation of costs. In January, 1919, the district court rendered a decree "that the costs of this action shall be paid, one-half by the secretary of state, and one-half by the interveners herein, and plaintiffs are hereby given judgment against said defendant and interveners for costs of this action."

An appeal was taken on the merits of the case, and on January 28, 1919, the decree was affirmed by this court. On October 11, 1919, a motion, accompanied by affidavits, was filed in the district court "for an order directing the clerk of the district court to have the costs in said action taxed as per said affidavits, and the amounts thereof in-

serted in the entry of judgment in said action." The intervening defendants appeared specially, and objected to the jurisdiction of the court with respect to the motion, for the reasons that the final decree had been entered during the January term of court, that the April term had been held and had adjourned, and the September term had begun when the motion was filed, and therefore the court had lost jurisdiction. The objections were overruled. No further appearance being made, the court ordered the clerk to tax the costs as set forth in the affidavits. Afterwards a motion was filed for an order directing the clerk of the district court to correct an error and tax as costs the amount set out in the affidavit as having been paid to the special examiner for services in the action and not yet taxed. This motion was also sustained. Defendants have appealed from both orders.

In the brief of appellants some argument is directed to the insufficiency of the affidavits as evidence, but no objection, except as to jurisdiction, was made at the hearing, or in the motion for a new trial. Not having been raised below, the point cannot be considered here. The real contention of appellants is that the court was without jurisdiction to act after the adjournment of the term at which the original judgment was rendered. We think this position is unsound. By the judgment the court directed the defendants to pay the costs. The only thing left to be done was the ministerial duty of the clerk to ascertain and enter the amount. In a number of states the manner of taxing costs is regulated by statute, and the fee bill must be presented to the clerk, or taxing official, at the same term at which the judgment is rendered, and within a specified number of days. There is no statute in this state governing the matter. We have held that, where the costs are made a part of the judgment or decree, it can only be opened up and mistakes corrected in the manner provided for opening judgments. *Olson v. Lamb,* 61 Neb. 484. We have also held that, where the costs have been erroneously taxed by the clerk, a motion to retax the same may be made at a subsequent term of court. *Smith v. Bartlett,* 78 Neb.

Barkley v. Pool.

359.  In this case it is said that the court by making such an order does not change the judgment awarding costs, but uses its power to see that the award of costs is not improperly or illegally taxed, and that a mistake made by the clerk in taxing the fees in favor of or against a party may be corrected by the court on motion at any time.

The purpose of the motion was not to change or modify the judgment or to retax the costs, it was to tax them in the first instance.  The clerk had failed to tax the costs at the time of the original decree.  This is not an uncommon occurrence.  It is not infrequent that sheriffs', referees', or receivers' costs, or the cost of taking care of attached property, are not known at the time of the final judgment.  If costs must be taxed at the same term as the final judgment, in many counties in the state it would frequently be very inconvenient, and sometimes impossible, to tax all items of costs in a case which had occupied the attention of the court up to the time of final adjournment.  If after the cost bills are presented to the clerk, he refuses or fails to tax any particular item, or taxes the costs improperly, a motion may be made to retax.  Since no statute prohibits this, it can be done within a reasonable time, and before the payment of the judgment.  The following cases are in conformity with the views herein expressed: *Fairbairn v. Dana,* 68 Ia. 231; *Frankel v. Chicago, B. & Q. R. Co.,* 70 Ia. 424; *Fisher v. Burlington, C. R. & N. R. Co.,* 104 Ia. 588; *Big Goose & Beaver Ditch Co. v. Morrow,* 8 Wyo. 537, 80 Am. St. Rep. 955; *Citizens Nat. Bank v. Gregg,* 53 Neb. 760; *Barber's Estate,* 11 Pa. Co. Ct. Rep. 242.

It may be well to say, however, that such proceedings as were had in this case are not to be commended.  Parties desiring to recover costs expended by them should furnish the clerk with the proper and legal evidence of the expenditures, such, for example, as the returns made by the several officers who have executed process, showing the fees and mileage to which they are entitled; also the *per diem* and mileage of witnesses should be noted by the clerk, or, if their testimony is taken by deposition, or before a referee,

it should be set forth in the return of the officer. In other words, the clerk should have the legal evidence before him when he acts.

AFFIRMED.

MORRISSEY, C. J., and FLANSBURG, J., not sitting.