CHRISTINA WIRTELE, APPELLEE, V. GRAND LODGE, ANCIENT ORDER OF UNITED WORKMEN, APPELLANT.

FILED DECEMBER 7, 1923.   No. 22513.

1. **War: ALIEN ENEMIES: EXCLUSION FROM COURTS.** Plaintiff, who was at all times a citizen of the United States, went to Germany before the beginning of the war and resided there continuously during the war between the United States and that country. Under the "Trading with the Enemy Act," plaintiff thereby came within the class therein denominated "alien enemy" and could not therefore, so long as the war continued, resort to the courts of this country as plaintiff. Act October 6, 1917, 40 U. S. St. at Large, ch. 106, sec. 1, p. 411.

Wirtele v. Grand Lodge, A. O. U. W.

2. Limitation of Actions: ALIEN ENEMIES. A citizen of the United States went to Germany before the war began between the United States and that country and remained there throughout its duration. *Held*, that, during the war period, the operation of the statute of limitations was suspended in respect of such alien enemy's cause of action against a citizen or corporation of the United States.

3. War: ALIEN PROPERTY CUSTODIAN: CONSTRUCTION OF POWERS. Under the act of October 6, 1917, 40 U. S. St. at Large, ch. 106, sec. 1, p. 411, known as the "Trading with the Enemy Act," the powers therein conferred upon the "alien property custodian" are to be strictly construed.

4. Costs: TAXATION. In an action to enforce the payment of a certificate of insurance issued by a fraternal beneficiary society, the court, on motion, taxed an attorney fee as costs a few weeks subsequent to the trial, but during an adjourned session of the same term at which the case was tried. *Held*, that error cannot be predicated on the court's ruling.

5. Appeal: COSTS: ATTORNEY'S FEES: TAXATION. An attorney's fee taxed as costs under section 7811, Comp. St. 1922, constitutes no part of the judgment in the action and is subject to exceptions and review in like manner as the taxation of other costs.

6. Insurance: APPEAL: AFFIRMANCE. The stipulation of facts examined, and *held*, that the court did not err in rendering a judgment in favor of plaintiff on the certificate of insurance in suit which was issued to the beneficiary by a fraternal beneficiary society.

APPEAL from the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Affirmed*.

*John Stevens*, for appellant.

*Pitzer, Cline & Tyler*, contra.

Heard before MORRISSEY, C. J., LETTON, DAY, GOOD and DEAN, JJ., REDICK and SHEPHERD, District Judges.

DEAN, J.

Mrs. Christina Wirtele began this action against the Ancient Order of United Workmen, a fraternal beneficiary society, to recover $2,000 as the beneficiary named in a certificate of insurance issued by defendant to Christian

Wirtele, her late husband. A jury was waived and the case was tried on an agreed statement of facts. Plaintiff recovered judgment for $2,162.52. Defendant appealed.

Since the appeal was perfected Mrs. Christina Wirtele died at Rotenburg, Germany, on or about November 2, 1920. Thereupon administration proceedings upon her estate were instituted in the county court of Otoe county, and on motion the action was revived here in the administrator's name. The defense urged is that the action is barred by the statute of limitations.

The material facts which appear in the stipulation on which the case was tried follow: Mr. Wirtele became a member of the defendant society January 28, 1896, at Nebraska City, and so remained, in good and regular standing, until his death. The Wirteles were, and always remained, citizens of the United States, but in June, 1914, they took up their residence at Stuttgart, in the kingdom of Wurtemberg, Germany, where Mr. Wirtele died April 28, 1915. About May 1, 1915, the defendant society received notice of the death of the insured but took no action in respect of plaintiff's claim. The required proofs of death were duly mailed to defendant, by plaintiff, from Germany, August 2, 1916, but were lost owing, apparently, to the hazardous war conditions then prevailing on land and sea. The loss was not discovered by plaintiff until the United States became engaged, with the allies, in the war against Germany. At that time an exchange of mail matter and intercourse generally between the two countries was of course practically suspended. The proofs, however, were finally furnished to defendant about July 31, 1920, which was about five years and three months after the death of the insured. Hence, the defendant pleads the statute in bar of the claim. It was further stipulated and agreed:

"That on April 6, 1917, the United States of America declared war against the German Empire, and that on the 6th day of October, 1917, the congress of the United States of America, with the approval of the president, enacted what is known as the 'Trading with the Enemy Act,' where-

by the plaintiff became an alien enemy. It is admitted that, immediately upon the passage and approval of said act, there was appointed an official known as an 'alien custodian,' with such powers as the act conferred upon him."

The "Trading with the Enemy Act" provides that the word "enemy" as used therein shall be deemed to mean "any individual, partnership, or other body of individuals, of any nationality, resident within the territory (including that occupied by the military and naval forces) of any nation with which the United States is at war." 40 U. S. St. at Large, ch. 106, sec. 1, p. 411.

Under the act Mrs. Wirtele, though at all times a citizen of the United States, by an act of law, came within the class denominated "alien enemy," and could not therefore resort to the courts of this country as plaintiff. We so held in a recent case. *In re Estate of Thiede,* 102 Neb. 747. See *McVeigh v. United States,* 11 Wall. (U. S.) 259. The *McVeigh* case was cited with approval in *Porter v. Freudenberg,* Ann. Cas. 1917C, 215 (1 K. B. Div. 1915 (Eng.) 857).. See *Taylor v. Albion Lumber Co.,* 176 Cal. 347, L. R. A. 1918 B, 185, and note.

The chronology in respect of the facts involved here may be briefly recapitulated: April 28, 1915, the insured died in Germany. A state of war between the United States and Germany was declared April 6, 1917. Active hostilities continued until November 11, 1918. The proofs of death were furnished to defendant on or about July 31, 1920. The petition was filed in the district court March 16, 1921, and the case was tried in that court September 28, 1921. It follows that, pursuant to the "Trading with the Enemy Act," and the decisions thereunder, the statute of limitations did not bar the action.

Defendant argues that plaintiff might have begun suit while the war was in progress if she had applied to the alien property custodian who was appointed under the provisions of the act in question. We are unable to find anything in the act which would have empowered that officer to begin an action for plaintiff in this class of cases. In

discussing the act and the power of the alien property custodian thereunder, it has been said: "This power is wholly statutory, and if it exists it must be found within the enumeration of his powers set forth in the creative trading with the enemy act." *Waldes v. Basch,* 179 N. Y. Supp. 713.

There being no impelling lawful reasons to the contrary, the defendant society should make its fraternal promise good to the beneficiary, or to her representatives, in return for the monthly dues which Christian Wirtele paid into its treasury for almost a score of years.

Another feature presented by the record must be noticed. The judgment is dated as of September 28, 1921. December 20, following, plaintiff filed a motion to tax an attorney fee, as part of the costs, under chapter 103, Laws 1919 (Comp. St. 1922, sec. 7811). December 27, 1921, the appeal was perfected and the record was filed in this court. January 9, 1922, at an adjourned sitting of the same term of the district court at which the case was tried, plaintiff's motion was sustained and $250 was taxed as costs. It is conceded that the fee is reasonable, but the defendant now argues that it should have been taxed immediately at the close of the trial, or not at all, and that, failing in this, the court erred in the premises. That part of the act which reads that such attorney fee shall be so taxed, "upon rendering judgment," is stressed by defendant. Defendant's argument that the tax must be imposed at the immediate sitting at which the case is tried cannot be upheld. *Barkley v. Pool,* 105 Neb. 203. In *Hendrix v. Rieman,* 6 Neb. 516, it was held that an attorney's fee taxed in a suit is no part of the judgment, but is taxed as costs, and is subject to exceptions and review in like manner as the taxation of other costs may be. The objection is technical. The court did not err in taxing the fee at an adjourned sitting of the same term at which the case was tried.

Certain correspondence between the grand recorder of the defendant society and a representative of Mrs. Wirtele appears in the record. Plaintiff earnestly contends that the letters written by the grand recorder constitute a waiver

of the statute of limitations, but we do not find it necessary to base our decision upon that ground and therefore leave that question undecided.

The judgment is

· AFFIRMED.