THOMAS J. ALLEN V. FRED D. TALLON, APPELLEE: AMERICAN EMPLOYERS' INSURANCE COMPANY, APPELLANT.

FILED JANUARY 16, 1931. No. 27583.

*Kennedy, Holland, De Lacy & McLaughlin* and *Raymond & Fitzgerald,* for appellant.

*R. C. Clarke* and *Mothersead & York, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

DAY, J.

This is an appeal from an order entered by the district court for Scotts Bluff county, allowing Fred D. Tallon, appellee, the sum of $1,350, covering attorney's fees for trial of the above entitled action. Allen was engaged in the construction of a swimming pool for one Tallon. The plaintiff had agreed to construct this pool for the sum of $11,-743. The defendant, Fred D. Tallon, required a performance bond and one was signed by the American Employers' Insurance Company. Originally, the suit was brought by Thomas J. Allen, the principal in said bond, for the balance due on his contract. The defendant, Fred D. Tallon, counterclaimed for damages on account of certain defects in construction, and caused the American Employers' Insurance Company of Boston, Massachusetts, to be brought in as a party. Certain other defendants also filed liens and these were foreclosed in the same transaction. The court found in the trial of the case that Tallon had been damaged in the sum of $6,853.97, and that the insurance company was liable to Tallon for that amount. Tallon had, however, in accordance with the provisions of the bond, and for the protection of the bonding company, refused to pay Allen any more money after he discovered that Allen was not performing the contract faithfully, and thus he had on hand $3,019.16, so judgment was rendered for the difference, $3,834.91. Allen and the insurance company appealed from the judgment of the district court to this court. The judgment of the lower court was affirmed for want of briefs. Back in the district court again, appellee Tallon filed a motion for the allowance of attorney's fees to be taxed as costs for the services of his attorneys in the district court, only, in his litigation with the insurance company. Objections to the hearing on motion for allow-

ance and taxation of attorney's fees were filed. There are eight assignments of error urged for reversal of the order of the district court. There are three questions presented and argued in the brief of the appellant: The amount allowed as attorney's fees is excessive and exorbitant; application for attorney's fees was made too late; and the court erred in making any allowance of attorney's fees.

The judgment in this case was for $3,834.91. However, the claim was for $3,000 on contract price which the court applied to the claim, thereby reducing it to $3,834.91. There was no dispute as to the contract price. The holding back of this money obviously inured to the benefit of the appellant herein. The recovery of the appellee herein must, therefore, be considered for the purpose of this appeal as $6,834.91. The amount of the allowance, $1,350 was almost 20 per cent. of the recovery. The undisputed evidence taken upon the motion proves that this was a case which was complicated and involved. There were many items involved in claims for damage which it was necessary to establish by evidence; several mechanic's liens were tried in the same action, and the trial occupied six days, aside from the time apparently necessary for preparation to present this case. The defendant does not offer any evidence as to the value of the services. The trial court also had the advantage of trying the original case, of knowing the work performed, and the character of the litigation.

In determining the value of the services rendered by the attorneys, it is competent to show by the evidence, the nature of the litigation, the amount involved, the result of the suit, the length of time spent on the case, the care and diligence exhibited, and the character and standing of the attorney. This allowance was admittedly made under section 7811, Comp. St. 1922, which provides that the court shall allow a reasonable sum as an attorney's fee to be taxed as a part of the costs. In the recent case of *First Nat. Bank v. Lincoln Grain Co.*, 116 Neb. 809, it was said:

"It is solely a question of fact. The plaintiff's evidence

as to the actual services performed by its attorneys in carrying on this litigation to the conclusion of the trial in the district court, including the nature, extent and value of the same, sustains without question that 'a reasonable sum as an attorney's fee' for the services rendered was not less than $7,500. The defendant submitted no evidence whatever on this subject in the court below. We find nothing in the record, as an entirety, that in any manner discredits the competency, qualifications or character of any of plaintiff's witnesses on this point or tends to controvert the conclusion they expressed in their testimony.

"It may be conceded that a substantial portion of the services which were the subject of this testimony was actually performed in the presence of the trial judge and subject, therefore, to his personal observation; and that in the determination of this question there was necessarily involved the exercise of judicial discretion."

From a perusal of the cases, we come to the conclusion that the court has fixed attorney's fees in the various cases in accord with the facts and circumstances of each case and there is no mathematically exact rule by which the same can be determined. In the instant case, although a substantial portion of the services was performed in the presence of the trial judge, and although there is other evidence upon the question, nevertheless the district court has a general knowledge of the value of legal services, and attorney's fees are often allowed for services performed in that court without calling witnesses. The same practice prevails in this court. The court is unanimously of the opinion, after a careful consideration of the matter, that the amount allowed in this case was excessive and that the district court erred in the exercise of its discretion in the allowance; that the sum of $850 is a reasonable attorney's fee which should have been taxed in the district court.

Was the application for an allowance of attorney's fees made too late? Section 7810, Comp. St. 1922, provides, in so far as applicable to the present problem: "The

court, upon rendering judgment against the insurance company, * * * shall allow the plaintiff a reasonable sum as an attorney's fee, to be taxed as part of the costs." In the instant case the judgment was rendered on June 10, 1929, and thereafter the case was appealed to the supreme court. It was affirmed by the court for that the appellant failed to file briefs. The mandate of the supreme court went down, and shortly thereafter, but at a subsequent term, a motion was filed for the allowance of attorney's fees. The order involved in the appeal was entered at the term in which the motion was filed. In *Wirtele v. Grand Lodge, A. O. U. W.*, 111 Neb. 302, the court held that an attorney's fee taxed as costs under this section of the statute constitutes no part of the judgment in the action, and is subject to exceptions and review in like manner as the taxation of other costs. In *Barkley v. Pool*, 105 Neb. 203, this court held that, in case of a motion for an order to the clerk to tax costs, it does not require the opening or modification of the judgment, and the court has jurisdiction to act upon the motion at a subsequent term of the court from that at which the judgment was rendered, unless there are intervening equities. Under section 7811, Comp. St. 1922, attorney's fees are taxed as a part of the costs. They constitute no part of the judgment in the action and are subject to exceptions and review in like manner as the taxation of other costs. An order to tax such costs does not require the opening or modification of the judgment and the court has jurisdiction to act upon the motion at a subsequent term of court to that at which the judgment was rendered.

The appellant has neither cited cases to support its contention, nor demonstrated the soundness of its contention. The services of the attorneys were rendered, the appellant was legally liable for the payment thereof, and has not been prejudiced by the delay in making application for taxing attorney's fees as costs.

The contention of appellant that the attorney's fees should not be allowed because the appellee did not com-

mence the action but recovered on a counterclaim is untenable. It was necessary for the appellee to litigate to secure his rights and the appellant was contesting his claim at all times. Other assignments of error not argued in the brief are not considered nor discussed.

The order of the district court in taxing attorney's fees in this case is affirmed as modified.

AFFIRMED AS MODIFIED.