ERIC H. REHN, APPELLEE, v. ARTHUR BINGAMAN, ADMINISTRATOR OF THE ESTATE OF ALVIN A. BINGA-MAN, DECEASED, APPELLANT, IMPLEADED WITH JOHN P. MAINELLI, DOING BUSINESS UNDER THE NAME AND STYLE OF MAINELLI CONSTRUCTION COMPANY, APPELLEE.

40 N. W. 2d 673

Filed January 13, 1950. No. 32592.

*Cranny & Moore,* for appellant.

*Emmet L. Murphy, E. Melvin Kennedy, Edward K. McDermott,* and *G. H. Seig,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The question here involved arises on a motion to recall the mandate of this court for the purpose of securing a modification of the judgment awarding costs, and on two motions to retax the costs incurred in this court.

The record shows that plaintiff obtained a money judgment against the defendant Arthur Bingaman, administrator of the estate of Alvin A. Bingaman, deceased, in the district court for Douglas County. John P. Mainelli was made a party defendant in that action for the sole purpose of protecting his subrogation rights under section 48-118, R. S. 1943. The administrator appealed. This court reversed the judgment and dismissed the cause of action. Rehn v. Bingaman, 151 Neb. 196, 36 N. W. 2d 856. Thereafter, on November 21, 1949, the mandate of this court declaring "that the judgment rendered by you be reversed at the costs of said appellees

taxed at $430.10 and the cause dismissed," was filed in the office of the clerk of the district court for Douglas County. On November 23, 1949, pursuant to notice to all parties interested, the trial court, in compliance with the mandate, dismissed the action and taxed the costs, including the costs in the district court, in the amount of $722.10 to plaintiff and John P. Mainelli. Motions to retax the costs were filed in this court by plaintiff and defendant Mainelli on November 30, 1949, and November 28, 1949, respectively. A motion and showing for a recall of the mandate were filed by defendant Mainelli on November 28, 1949. Objections were filed by the administrator. It is upon the issues thus joined that the questions now before us arise.

In this state costs are allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, except where otherwise specifically provided. § 25-1708, R. R. S. 1943. Costs are likewise allowed to any defendant upon a judgment in his favor. § 25-1710, R. R. S. 1943. When a judgment is reversed on appeal the Supreme Court may render judgment for all the costs against the appellee, direct that each party pay his own costs, apportion the costs among the parties, or direct that judgment for costs abide the event of a new trial, as, in its discretion, the equities of the case require. § 25-1933, R. R. S. 1943. The case here presented being one for the recovery of money only, costs would be ordinarily, and were in the instant case, awarded to the defendant-appellant Bingaman, the real defendant in the action.

The award of costs is as much a part of the judgment as the dismissal of the action, and the power of the court to change an award of costs is coextensive with the power of the court to modify the judgment of dismissal. In Smith v. Bartlett, 78 Neb. 359, 110 N. W. 991, we said: "An award of costs to the successful party is as much a part of the judgment entered as the damages allowed, and the court cannot, after the term, change this award

except for some statutory cause allowing the court to set aside or modify its judgments at a subsequent term." The same rule applies in the Supreme Court; an award of costs is a part of the judgment and cannot be modified or changed in any manner other than that provided by the statutes and rules applying to the setting aside or modification of judgments.

It might be argued that such a rule leaves the parties against whom costs are taxed without a remedy. In this respect we desire to point out that the judgment of the Supreme Court is entered as of the date of the release of its opinion. It is a public record from which the parties can immediately determine the court's judgment as regards the awarding of costs. In the present case the opinion of this court was released and the judgment entered as of April 14, 1949. Such judgment provided in part: "It is, therefore, considered, ordered and adjudged that said judgment of the district court be, and hereby is, reversed and the cause is dismissed; that appellant recover of and from appellees his costs herein expended, taxed at $425.10; for all of which execution is hereby awarded, and that a mandate issue accordingly." The parties are bound legally to know the terms of the judgment entered. If dissatisfied with the portion awarding costs, it is appropriate to present the matter on motion for a rehearing in the same manner as any other justiciable issue that is claimed to have been erroneously decided. It affords an adequate opportunity to point out to the Supreme Court such claim of error.

In the case before us the mandate of this court was filed in the district court for Douglas County on November 21, 1949. The Supreme Court therefore lost jurisdiction to change or modify its judgment awarding costs unless the mandate was recalled in accordance with the rule announced in State Bank of Beaver Crossing v. Mackley, 118 Neb. 734, 226 N. W. 318.

The defendant Mainelli filed the motion to recall the

mandate. The defendant filed objections thereto asserting that the mandate had been acted upon in the district court and that it was beyond recall. The record shows that the only action taken was that of the district court in entering a judgment in accordance with the mandate. Such action by the district court was, however, sufficient to divest this court of jurisdiction and to reinvest the district court with exclusive jurisdiction under the holding of the State Bank of Beaver Crossing case. The mandate was not, therefore, subject to recall.

While this court has no jurisdiction to determine the issues here raised on the merits, there is a question of costs involved which we will determine as a guide to future cases, using the facts of this case as an illustrative application of the rule.

The plaintiff and defendant Mainelli contend that the awarding of all the costs against them was improper for the reason that the appeal involved many issues, all of which were decided favorable to them except the question of jurisdiction. The record shows that the action was commenced in the district court when the original jurisdiction was in the county court. Rehn v. Bingaman, *supra*. The litigation was therefore fruitless and the costs incurred as a direct result of the plaintiff commencing the action in the wrong court. Under such circumstances the defendant-appellant is not properly chargeable with costs.

The defendant Mainelli contends that he should not be charged with any portion of the costs for the reason that he merely asserted his right of subrogation under section 48-118, R. S. 1943, to any amount recovered by the plaintiff, to the extent of the compensation benefits paid by him under the Workmen's Compensation Act. The record discloses, however, that Mainelli actively participated in the trial. His attorney participated in the trial by making an opening statement to the jury; by examining and cross-examining witnesses; by demanding the right to argue in both the opening and closing

arguments to the jury for the reason that he was in the same position as the plaintiff; by making an argument-in-chief to the jury; and, on appeal, by filing a brief on the merits of the case and orally arguing the propositions therein raised to this court. It is evident that the defendant Mainelli adopted the position of the plaintiff for his own benefit, his own recovery being dependent upon the success of the plaintiff. The rule is: Parties, who come in and adopt plaintiff's petition and seek to participate in its benefits, stand in a similar position as the plaintiff in regard to costs; and where an intervener reiterates the allegations of the petition, he is liable jointly with plaintiff for costs in the event of an adverse result. 20 C. J. S., Costs, § 118, p. 359. In McKinley v. National Citizens Bank, 127 Minn. 212, 149 N. W. 295, it was said: "We hold that intervener, having become practically a co-plaintiff, so that defendant was required to defend against both it and plaintiff in order to escape liability to either, there is joint liability for costs." See, also, First Nat. Bank of Atlanta v. Southern Cotton Oil Co., 86 F. 2d 33.

One who is made a party defendant for the sole purpose of protecting a statutory right of subrogation is ordinarily not liable for costs other than his own; but where, as here, he adopts the position of the plaintiff and for all practicable purposes is a plaintiff, his liability for costs is the same as the plaintiff. Such party is in the same position as an intervener, cross-petitioner, or other party to the litigation who enters it for the advancement of his own interests.

We hold, therefore, that the costs were properly assessed against the plaintiff and defendant Mainelli. This being true, no reason exists for recalling the mandate, even if it was subject to recall, and the motion to so do is denied.

The plaintiff also moves to retax the costs for the reason that the amount taxed as costs of appellant's brief is excessive. After a judgment awarding costs, the

taxing of the costs by the clerk of the court involves a purely ministerial function. Errors in .calculation can be corrected at any time, unless the delay becomes unreasonable. In Barkley v. Pool, 105 Neb. 203, 180 N. W. 77, we said: "We have also held that, where the costs have been erroneously taxed by the clerk, a motion to retax the same may be made at a subsequent term of court. Smith v. Bartlett, 78 Neb. 359. In this case it is said that the court by making such an order does not change the judgment awarding costs, but uses its power to see that the award of costs is not improperly or illegally taxed, and that a mistake made by the clerk in taxing the fees in favor of or against a party may be corrected by the court on motion at any time. * * * If after the cost bills are presented to the clerk, he refuses or fails to tax any particular item, or taxes the costs improperly, a motion may be made to retax. Since no statute prohibits this, it can be done within a reasonable time, and before the payment of the judgment." See, also, Allen v. Tallon, 120 Neb. 611, 234 N. W. 411.

It follows that the Supreme Court may correct errors by the clerk in the computation of the costs in this court at any time, unless an unreasonable delay in so doing prevents. Such items of costs in this court may therefore be corrected after the issuance of the mandate and without its recall. This is so for the reason that it involves only a ministerial function of the clerk and in no way involves a reconsideration of the judicial determinations made. In Smith v. Bartlett, *supra*, we said: "This rule does not apply to a motion made by either party to have the costs retaxed and to have mistakes in taxing the same corrected or costs illegally charged up against a party eliminated. If the clerk erroneously or illegally taxes up any item of costs in favor of a party, the other party may, by motion made at any time, call the attention of the court to such items and insist that only proper and legal costs be assessed against him. The court, by making such an order, does not change the judgment award-

ing costs, but uses its power to see that the award of costs is not improperly or illegally taxed. As said in the case above cited: 'Any mistake made by the clerk in taxing fees in favor of or against a party may be corrected by the court on motion at any time.'"

We do not concur with the contention that defendant Bingaman cannot secure a correction in the amount charged as the cost of plaintiff's brief without first securing a recall of the mandate. Such a retaxing of costs can be obtained, if meritorious, without such action being taken. The record shows, however, that the cost of the briefs was correctly computed, a fact which counsel for plaintiff conceded in oral argument on the motion. The motion of Rehn to retax the cost of briefs is therefore overruled for the reason that they were correctly computed.

The motions of plaintiff and the defendant Mainelli to retax the costs are overruled. The motion of defendant to recall the mandate is also overruled.

MOTION TO RECALL MANDATE AND MOTIONS
TO RETAX COSTS OVERRULED.