LORIN R. SUMMERVILLE, APPELLANT, V. NORTH PLATTE VALLEY WEATHER CONTROL DISTRICT, A CORPORATION, ET AL., APPELLEES.
LORIN R. SUMMERVILLE, APPELLANT, V. P. COOPER ELLIS, COUNTY TREASURER OF SCOTTS BLUFF COUNTY, APPELLEE, NORTH PLATTE VALLEY WEATHER CONTROL DISTRICT, A CORPORATION, INTERVENER-APPELLEE.

107 N. W. 2d 425

Filed February 10, 1961. No. 34878.

*Atkins & Ferguson* and *Clark G. Nichols,* for appellant.

*Lyman & Winner* and *W. H. Kirwin,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, SPENCER, and BOSLAUGH, JJ.

BOSLAUGH, J.

This proceeding was commenced by the filing of an

application for the allowance of attorney's fees and expenses from a fund that was alleged to have been rescued and preserved as a result of the litigation in which the 1957 Weather Control Act of Nebraska was determined to be unconstitutional and void in Summerville v. North Platte Valley Weather Control Dist., 170 Neb. 46, 101 N. W. 2d 748. The parties in this proceeding are identical with the parties in the former appeal.

The decree of the district court in the original action declared the statute in question to be unconstitutional and void; enjoined the county treasurer of Scotts Bluff County, Nebraska, from disbursing any of the taxes levied by the defendant Weather Control District; and retained jurisdiction of the cause for the distribution of such taxes in the hands of the county treasurer.

The appellant, who will be referred to herein as the plaintiff, filed his application for the allowance of attorney's fees and expenses on April 2, 1960. The mandate of this court was filed in the district court on April 4. On April 19 the plaintiff served a notice of hearing on the application upon the attorneys of record for the appellees, who will be referred to herein as the defendants.

The application was heard on May 10, 1960, and taken under advisement. On May 23 the district court found that it was without jurisdiction "at this late date" to grant the application of the plaintiff for the allowance of attorney's fees. The plaintiff then perfected an appeal to this court.

The plaintiff's assignment of error is that the trial court erred in finding that it was without jurisdiction to grant his application.

The parties agree that where one has gone into a court of equity and, taking the risk of litigation on himself, has created or preserved or protected a fund in which others are entitled to share, such others will be required to contribute their share to the reasonable costs and expenses of the litigation, including reasonable

fees to the litigant's counsel. Gamboni v. County of Otoe, 159 Neb. 417, 67 N. W. 2d 489.

The trial court did not assign any reason for its finding that it was without jurisdiction. The defendants argue that the trial court had no jurisdiction for the reason that the plaintiff filed his application after the expiration of the term at which the original decree was rendered. The record does not show when the various terms expired but, for the purpose of this opinion, we have assumed that the plaintiff's application was filed at a term after the term in which the original decree was rendered.

The defendants further argue that since the original decree ordered the defendants, or one of them, to pay the costs of the action, the court cannot at a subsequent term make an allowance of attorney's fees and expenses from a fund created, preserved, or protected by the litigation which resulted in the original decree. The defendants state that if the court were to grant the plaintiff's application, the court would be modifying a judgment after term when its jurisdiction had expired.

The defendants have confused the allowance of expenses and attorney's fees from a fund rescued or preserved by litigation with the award or taxation of costs as between adversary parties. It is true that as to the latter the court after term has but limited power with respect to changes or modification in the taxation and award of costs. Rehn v. Bingaman, 152 Neb. 171, 40 N. W. 2d 673.

The allowance of expenses and attorney's fees to a litigant who has carried on litigation at his own expense which results in the rescue and preservation of a fund in which a number of parties will share is a different matter and is governed by different principles. The allowance of the fees and expenses requested by the plaintiff is a matter that is dependent, in the first instance, upon the litigation being successful. It is a matter which, properly, is not before the court until the

litigation has ended. In Blacker v. Kitchen Bros. Hotel Co., 133 Neb. 66, 273 N. W. 836, the court said: "Where one goes into a court of equity, and takes the risk of litigation on himself, and creates or protects a fund to a share in which others are entitled, those others will not be permitted to lie back and share the results of these successful labors without contributing their due share. But this rule is based on the theory that all in the class benefited should contribute to the expense. Their share of the expense is dependent entirely upon the success of the litigation. It necessarily follows that no liability for attorney's fees and expenses accrues until the litigation has been successfully terminated with actual benefits accruing to others in the class. If the litigant is unsuccessful, no benefit to others in the class accrues and he must undergo the fate of any other unsuccessful litigant; that is, pay the costs and expenses himself. We know of no rule, nor have we found any case, that authorizes the allowance of attorney's fees and expenses in a case such as we have before us, on any basis other than that of benefits accruing as a result of successful litigation. * * * At the time the allowances were made in the instant case, it had not been determined whether the litigation was beneficial to other bondholders for the reason that there had been no final determination of the matter. We are of the opinion that the trial court could properly allow attorney's fees and expenses in connection with services rendered that were beneficial to other members of the class, but that its attempt to allow expenses and attorney's fees for work to be done in the future is without authority of law. Such allowances against others similarly situated being based upon the benefits received by them, there is nothing upon which to base such an allowance until the services have been performed and the resulting benefits, if any, determined."

When the mandate of this court had been filed in the district court, the litigation had ended and it was

then proper for the plaintiff to request that an allowance of expenses and attorney's fees be made.

In Sprague v. Ticonic Nat. Bank, 307 U. S. 161, 59 S. Ct. 777, 83 L. Ed. 1184, the United States Supreme Court held that a plaintiff was entitled to petition the district court for an allowance of counsel fees and expenses after the mandate had been received and after the expiration of the term at which the decree had been entered. The court said: "Without considering the historic authority of a court of equity in such matters, the District Court deemed itself powerless because foreclosed by the mandate in Ticonic Bank v. Sprague, *supra.* The general proposition which moved that Court —that it was bound to carry the mandate of the upper court into execution and could not consider the questions which the mandate laid at rest—is indisputable. Compare Kansas City Southern Ry. Co. v. Guardian Trust Co., 281 U. S. 1. But that leaves us still to consider whether the immediate issue now in controversy was disposed of in the main litigation and therefore foreclosed by the mandate. While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues. See In re Sanford Fork & Tool Co., 160 U. S. 247; Ex parte Century Indemnity Co., 305 U. S. 354. Certainly the claim for 'as between solicitor and client' costs was not directly in issue in the original proceedings by Sprague. It was neither before the Circuit Court of Appeals nor before this Court. Its disposition, therefore, by the mandate of either Court could be implied only if a claim for such costs was necessarily implied in the claim in the original suit, and its failure to ask for such costs an implied waiver. These implications are repelled by the basis on which such costs are granted. They are not of a routine character like ordinary taxable costs; they are contingent upon the exigencies of equitable litigation, the final disposition of which in its entire process including appeal places such a claim in much better

perspective than it would have at an earlier stage. Such are the considerations which underlay the decision in Trustees v. Greenough, 105 U. S. 527, in holding that an order allowing costs 'as between solicitor and client' was a final judgment for purposes of appeal because 'the inquiry was a collateral one, having a distinct and independent character.' We, therefore, hold that the issue in the instant case is sufficiently different from that presented by the ordinary questions regarding taxable costs that it was impliedly covered neither by the original decree nor by the mandates, and that neither constituted a bar to the disposal of the petition below on its merits. * * * Finally, we must notice the separate ground taken by the Circuit Court of Appeals on the basis of what it deemed the requirements of terms of court. The new Rules of Civil Procedure have rendered anachronistic the technical niceties pertaining to terms of court as to both law and equity, but the ruling of the District Court here in question was made prior to the operation of the new Rules. Since we view the petition for reimbursement as an independent proceeding supplemental to the original proceeding and not a request for a modification of the original decree, the suggestion of the Circuit Court of Appeals—that it came after the end of the term at which the main decree was entered and therefore too late —falls."

We believe that the reasoning of the court in Sprague v. Ticonic Nat. Bank, *supra,* is controlling in this case. The district court erred in finding that it did not have jurisdiction to consider the application of the plaintiff for the allowance of attorney's fees and expenses.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.