HUBERT G. MUFF, APPELLEE, V. MAHLOCH FARMS CO., INC., ET AL., APPELLANTS.

181 N. W. 2d 258

Filed November 27, 1970. No. 37604.

Steinacher & Vosoba, for appellants.

Jack L. Craven and Herman Ginsburg, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

The present appeal results from an order retaxing

costs in the case of Muff v. Mahloch Farms Co., Inc., previously determined by this court and found in 184 Neb. 286, 167 N. W. 2d 73. This court, on the previous appeal, affirmed a judgment for the defendants with a slight modification and directed that each party should pay his or its own costs. An application was filed in the district court requesting that court to retax district court costs which had been previously taxed to the plaintiff. At a term subsequent to that at which the court had entered a decree for the defendants and a judgment for costs against the plaintiff, the court retaxed district court costs and ordered the defendants to pay one-half of the cost of the bill of exceptions. From this order defendants appeal. We reverse the judgment of the district court retaxing costs.

"A determination that 'all costs are taxed' to a party means only the costs of the appeal to this court. The direction does not include costs in the trial court save in those situations where, by appropriate language, the trial court costs as well as the appeal costs are taxed in our order." Cover v. Platte Valley Public Power & Irr. Dist., 167 Neb. 788, 95 N. W. 2d 117. It is well established that the cost or expense of a bill of exceptions is to be taxed in the district court. See, Pettis v. Green River Asphalt Co., on motion to retax costs, 71 Neb. 519, 101 N. W. 333; Elliott v. Gooch Feed Mill Co., 147 Neb. 309, 23 N. W. 2d 262.

The defendants contend that costs taxed in the district court are a part of the judgment of that court and cannot, after the term at which the judgment was entered, be vacated or modified except in the manner authorized by statute for the vacation or modification of judgments after the term at which they were entered. The Nebraska decisions relating to costs are to a certain extent confusing and upon their face appear to be somewhat contradictory; yet, these decisions can be readily reconciled.

The cases of Allen v. Tallon, 120 Neb. 611, 234 N. W.

411, and Wirtele v. Grand Lodge, A.O.U.W., 111 Neb. 302, 196 N. W. 510, both deal with the recovery of sums due on policies of insurance from insurance companies. In such cases the Nebraska statutes make it mandatory to allow the plaintiff an attorney's fee when he is successful in recovering judgment. Under the statute, the failure to allow attorney's fees is an illegal and unauthorized act and these cases hold that under such circumstances, the attorney's fees may be recovered by a supplemental proceeding instituted at a subsequent term. It is true that these cases also state that attorney's fees taxed as costs are no part of the judgment. This statement is obiter dictum, has no bearing on the determination of these cases, and is erroneous.

In the case of Stake v. Western Assurance Co., 136 Neb. 735, 287 N. W. 222, a similar statement is made in a case requiring a determination of whether or not a judgment exceeded the $200 jurisdiction of a justice of the peace. Here again the statement that costs are not to be considered a part of the judgment is obiter dictum and incorrect. Section 27-102, R. R. S. 1943, fixes the jurisdiction of a justice of the peace not on the basis of the amount of the judgment ultimately entered but on the basis of "the sum in question." In other words, the determination of the justice of the peace jurisdiction is made on the basis of the amount claimed by the plaintiff and denied by the defendant and obviously was not intended to include costs.

In Barkley v. Pool, 105 Neb. 203, 180 N. W. 77, it was held where judgment has been rendered for costs, the clerk of the district court acts in a ministerial capacity in taxing such costs and may do so at a subsequent term.

It therefore appears that costs may be retaxed at a subsequent term when the court has failed to follow a mandatory statutory duty to tax costs, in the event of a clerical error or the failure to perform a ministerial act, and in instances authorized by section 25-2001, R. R. S. 1943, for the vacation or modification of judgments at

a subsequent term. None of these situations exist in the present case.

In the case of Rehn v. Bingaman, 152 Neb. 171, 40 N. W. 2d 673, it was held: "The award of costs is as much a part of the judgment as the dismissal of the action, and the power of the court to change an award of costs is coextensive with the power of the court to modify the judgment of dismissal." In its opinion, this court cited the case of Smith v. Bartlett, 78 Neb. 359, 110 N. W. 991, wherein it was stated: "An award of costs to the successful party is as much a part of the judgment entered as the damages allowed, and the court cannot, after the term, change this award except for some statutory cause allowing the court to set aside or modify its judgments at a subsequent term." It is stated in 20 Am. Jur. 2d, Costs, § 88, p. 73, that: "If a court has power and discretion to award costs to the successful litigant against his defeated adversary or to withhold them at will as it may consider just, the allowance or denial of costs is a judicial act and, after the term ends, cannot, even when the court makes a mistake, be reversed or modified by a nunc pro tunc amendment. If, however, a litigant by law is entitled to costs as a matter of right, and they are not awarded to him or are allowed to his adversary by mistake in the judgment or the entry thereof, the error in that regard is a clerical one which is open to correction on motion by nunc pro tunc amendment at any time."

The case of Rehn v. Bingaman, *supra*, was cited with approval in Summerville v. North Platte Valley Weather Control Dist., 171 Neb. 695, 107 N. W. 2d 425, but was distinguished. The case was one involving class litigation. This court held that where one goes into a court of equity to preserve or protect a fund in which others are entitled to share, such others will be required to contribute to and share the reasonable cost and expenses of litigation including attorney's fees; and that an allowance for attorney's fees and expenses in such cases may

be petitioned for and obtained at a subsequent term after the successful determination of the litigation when it is possible for the court to assess the actual benefit accruing to interested parties benefiting. In such case the proceeding is held to be supplemental to the original suit and not a request for a modification of the original judgment.

In view of the foregoing, we find that the judgment of the district court retaxing the cost of the bill of exceptions was made without authority and that the judgment must be and is reversed and the cause remanded.

REVERSED AND REMANDED.