REQUESTED BY: Senator Jerry D. Koch Member of the Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Koch:
You have requested the opinion of this office regarding a proposed amendment to Neb.Rev.Stat. § 77-1619 (Reissue 1976), set forth in Section 12 of LB 179. Section 12 would require the governing body of any political subdivision of this state to pay any judgment recovered against any officer or employee of such political subdivision if he or she `. . . acted reasonably and in good faith performance of his or her public duty or official capacity. . .'
Your inquiry refers to a recent opinion of this office, No. 30, regarding LB 120, wherein we essentially concluded that a successful plaintiff in a mandamus action could recover attorney fees from a defendant public official and that we were aware of no formal policies for reimbursement to such officials by the State of Nebraska, nor could we respond definitively regarding possible policies of political subdivisions. You have inquired: `Does this amendment provide adequate policy to reimburse the personal defendant?'
Initially, we note that, by its terms, Section 12 only applies to the payment of judgments recovered against officials and employees of political subdivisions, as distinguished from officials and employees of the state itself. The term, political subdivision, generally contemplates an entity with fixed geographical area and boundaries, public elections, taxing power and a general purpose or benefit.Catania v. University of Nebraska, 204 Neb. 304, 308,287 N.W.2d 27 (1979). The term, political subdivision, does not generally encompass state agencies, departments or boards which act as direct instrumentalities of the state and which are in essence `alter egos of the state itself.' Id.,204 Neb. at 309.
The Nebraska Supreme Court has held that an award of costs and attorney fees is part of the judgment. Muss v.Mahloch Farms Co., 186 Neb. 151, 181 N.W.2d 258 (1970). Therefore, an award of attorney fees against a defendant official in a mandamus action would be part of the judgment recovered by the plaintiff and thus, under Section 12 of LB 179, the political subdivision would be responsible for the payment of such fees.
However, by its terms, Section 12 of LB 179 would not require a political subdivision to pay a judgment recovered against an officer or employee who did not act `. . . reasonably and in good faith in the performance of his or her public duty or official capacity. . . .' This exception would not necessarily exclude judgments recovered against officials or employees in a mandamus action, as the reasonableness or good faith of the official is not at issue in such actions. To successfully obtain a writ of mandamus, essentially the plaintiff needs to prove that the official or employee had a clear duty established by law to perform a ministerial act. State ex rel. Krieger v. Board ofSupervisors of Clay County, 171 Neb. 117, 105 N.W.2d 721
(1960). Whether an official or employee acted reasonably and in good faith is a question of fact to be determined under Section 12 of LB 179, at least in the first instance, by the governing body of the political subdivision.
In summary, in our opinion, Section 12 of LB 179 does establish a policy for reimbursement of the official or employee defendant by the political subdivision (or more precisely, payment by the political subdivision in lieu of the individual officer or employee), if a judgment, including an award of attorney fees obtained in a mandamus action, unless the official or employee has acted unreasonably and in bad faith.
Very truly yours, PAUL L. DOUGLAS Attorney General Lynne Fritz Assistant Attorney General